IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GLORIA ELIZABETH LANCASTER-SHERRICK, )
)
       Plaintiff, )
)
 -vs- ) Civil Action No. 17-887
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
       Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8, 10 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 7) and granting Defendant's Motion for Summary Judgment. (ECF No. 9).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her applications alleging disability since August 28, 2012. (ECF No. 5-5, pp. 2, 9). Administrative Law Judge ("ALJ"), Nikki Hall, held a hearing on September 25, 2015. (ECF No. 5-2, pp. 24-77). On December 11, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 12-19).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

B. **Credibility**

The ALJ found that while Plaintiff's "impairment could reasonably be expected to cause the alleged symptoms,…the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (ECF No. 5-2, p. 17). Plaintiff's chief argument is that the ALJ erred in accessing her credibility at the second step of the credibility determination in contravention to 20 C.F.R. §§404.1529 and 416.929. (ECF Nos. 8 and 13). In evaluating whether a plaintiff's statements are credible, the ALJ will consider all evidence including that from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c), 404.1529; SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported

by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In support of her argument, Plaintiff suggests that the ALJ did not go through every single factor listed above to explain why her testimony regarding limitations is not credible. (ECF No. 8, pp. 8-9). After a review of the record, I disagree. There is no requirement that the ALJ forth his credibility assessment in a particular formulaic manner. After a review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in her decision, to the extent relevant, the ALJ considered the factors set forth above. (ECF No. 5-2, pp. 12-19). For example, while assessing Plaintiff's credibility, the ALJ compared the medical evidence and other evidence of record to her complaints and found them to be contradictory. *Id.*

Plaintiff argues that the ALJ's opinion did not provide a sufficient explanation of how her activities of daily living are "inconsistent." (ECF No. 8, p. 10). I am not persuaded by this argument. The ALJ specifically states that based on the reasons explained in the medical records, her "conditions and limitations are not totally disabling." (ECF No. 5-2, p. 17). Also, contrary to Plaintiff's position otherwise, a plaintiff need not be pain free or symptom free to be found not disabled. Rather, a plaintiff must still show he/she is unable to perform substantial gainful activity. *Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990).

Plaintiff additionally suggests that the ALJ failed to discuss her work history in determining her credibility such that I am unable to make a meaningful review.[2] (ECF No. 8, pp.

---

[2] In support of her argument, Plaintiff cites to her testimony and the medical records that support her allegations. (ECF No. 8, pp. 12-14).
> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). The question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39

11-12). Again, I disagree with Plaintiff. There is no doubt that the ALJ considered Plaintiff's work history. (ECF No. 5-2, pp. 15, 17-18). Based on the same, I find that I am able to make a meaningful and proper review. I further find that the ALJ properly evaluated Plaintiff's credibility in detail as required by 20 C.F.R. §§416.929, 404.1529 and SSR 96-7p.

Finally, with regard to her credibility argument, Plaintiff submits that the ALJ failed to evaluate the most recent treating source statement of Plaintiff's treating ophthalmologist, Dr. Wiley. (ECF No. 8, pp. 14-19). Specifically, Plaintiff suggests that the ALJ failed to state the weight given Dr. Wiley's medical source statement in a letter dated May 22, 2014. (ECF No. 8, pp. 16-17). After a review of the record, I note that the letter in question is just that, a letter from Dr. Wiley. It is not a medical source opinion setting forth specific limitation on her ability to perform specific duties as his prior opinion of 2011 did. *Compare,* ECF No. 5-7, pp. 7-10 *with* No. 5-7, p. 22. Rather, it is an amorphous letter without specific limitations. (ECF No. 5-7, p. 22). For example, Dr. Wiley stated that Plaintiff would continue to have absences from work due to her eye condition. *Id.* He did not, however, state how many absences to expect or how frequently to expect them and, thus, the ALJ was not required to put such a vague and nebulous limitation into the residual functional capacity.[3] Additionally, Dr. Wiley does not state in the 2014 letter that his opinions set forth in the 2011 functional limitation questionnaire changed.[4] Based on the same, I do not find that the ALJ was required to give the 2014 letter from Dr. Wiley any specific weight. Nonetheless, the ALJ was required to consider that 2014 letter from Dr. Wiley and he did so. (ECF No. 5-2, p. 16). In fact, the ALJ recognized and set forth the majority of the letter in his opinion. *Id.* Consequently, I find no error in this regard.

An appropriate order shall follow.

---

(3d Cir. 1989). Thus, Plaintiff's argument in this regard is misplaced.

[3] I note that the ALJ asked the vocational expert the impact of Plaintiff missing time from work and the vocational expert testified that an employer would tolerate up to two incidents in a month. (ECF No. 5-2, pp. 74-75).

[4] I note that the ALJ gave Dr. Wiley's 2011 opinion evidence great weight. (ECF No. 5-2, p. 17).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GLORIA ELIZABETH LANCASTER-SHERRICK, )
)
      Plaintiff, )
)
 -vs- ) Civil Action No. 17-887
)
NANCY A. BERRYHILL,[5] )
COMMISSIONER OF SOCIAL SECURITY, )
)
      Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 11th day of September, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 7) is denied and Defendant's Motion for Summary Judgment (ECF No. 9) is granted.

                                            BY THE COURT:

                                            s/ Donetta W. Ambrose
                                               Donetta W. Ambrose
                                               United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.